**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
TERESA JUNKERSFELD

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA JUNKERSFELD, an individual on behalf of herself and others similarly situated,<br><br>                            Plaintiff,<br>v.<br><br>MEDICAL STAFFING SOLUTIONS INC.; and DOES 1 to 10 inclusive,<br><br>                            Defendants. | Case No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3. Waiting Time Penalties (Cal. Labor Code § 203)<br>4. Violations of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)<br><br>AND DEMAND FOR JURY TRIAL |

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

PLAINTIFF TERESA JUNKERSFELD ("PLAINTIFF"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action and a nation-wide FLSA collective action against MEDICAL STAFFING SOLUTIONS INC. ("MSSI") for (1) failing to include all remuneration in the regular rate of pay when calculating overtime wages and (2) failing to timely pay all wages owing at termination of employment.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and because the parties are citizens of different States.

3. This Court also has jurisdiction over the Fourth Cause of Action under 28 U.S.C. § 1331 because it arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and supplemental jurisdiction over the California state law causes of action under 28 U.S.C. § 1367 because they are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because MSSI resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. PLAINTIFF is a citizen of Arkansas who worked assignments for MSSI in Oakdale, California between January 2016 and April 2016, as well as other locations in California and elsewhere.

///

6. Defendant MSSI is a Wisconsin corporation that staffs employees for assignments in California and elsewhere.

7. PLAINTIFF is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names. PLAINTIFF alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that PLAINTIFF's damages as herein alleged were proximately caused by those DOE defendants. PLAINTIFF will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

8. PLAINTIFF alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

9. Defendants MSSI and DOES 1 through 10 will be referred to hereafter, collectively, as "DEFENDANTS."

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. MSSI is healthcare staffing company that employs hourly health care professionals for short-term travel assignments at health care providers throughout California and elsewhere (hereafter "TRAVELERS").

11. In addition to an hourly wage, TRAVELERS' compensation includes an hourly meals and incidentals payment and an hourly housing payment paid for each hour TRAVELERS work.

12. The meals and incidentals payment and the housing payment are thus not based upon the actual meals and incidentals and housing expenses incurred by

TRAVELERS while on assignment for MSSI, but instead are based upon, and vary with, the number of hours that TRAVELERS actually work.

13. Notwithstanding that the meals and incidentals payment and the housing payment are tied to the number of hours actually worked by TRAVELERS, MSSI does not include the value of these payments in TRAVELERS' regular rates of pay for purposes of calculating overtime wages.

14. During PLAINTIFF's assignments for MSSI, she received an hourly payment for meals and incidentals and housing for each hour that she worked.

15. PLAINTIFF worked shifts for MSSI that were more than 8 hours per day and/or 40 hours per week.

16. When PLAINTIFF worked in excess of 8 hours per day and/or 40 hours per week, MSSI did not include the value of her meals and incidentals payment or housing payment in her regular rate of pay for purposes of calculating her overtime and double time wages.

**REPRESENTED PARTIES UNDER THE FLSA COLLECTIVE ACTION**

17. PLAINTIFF brings the FLSA claim on behalf of herself and all non-exempt hourly health care professionals employed by DEFENDANTS in the United States at any time since February 19, 2016 who received a meals and incidentals payment and/or a housing payment (hereafter "FLSA Collective").

**CLASS ACTION ALLEGATIONS**

18. PLAINTIFF brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. PLAINTIFF seeks to represent a California class composed of the following:

> All non-exempt hourly health care professionals employed by Defendants in California from February 19, 2015 through the date of class certification who received a meals and incidentals payment and/or a housing payment.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

19.   PLAINTIFF reserves the right to amend or modify the class description or establish additional subclasses as appropriate.

20.   This action has been brought and may properly be maintained as a class action under Rule 23.

### A. Numerosity

21.   The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, PLAINTIFF is informed and believes that the class contains in excess of 100 individuals.

### B. Commonality

22.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether DEFENDANTS unlawfully excluded remuneration from class members' regular rates of pay for purposes of calculating overtime wages.

### C. Typicality

23.   The class claims of the proposed class representative are typical of the claims of each class member. As with other members of the class, when PLAINTIFF worked overtime hours, DEFENDANTS failed to include all remuneration in her regular rate of pay for purposes of calculating her overtime wages.

### D.   Adequacy of Representation

24.   PLAINTIFF will fairly and adequately represent and protect the interests of the members of the class. Counsel who represent PLAINTIFF are competent and experienced in litigating employment class actions.

/ / /

/ / /

### E.     Superiority of Class Action

25.    A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover by reason of DEFENDANTS' illegal common policies.

## FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

## (LABOR CODE §§ 510, 1194)

26.    PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27.    Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

28.    Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

29.    As a result of DEFENDANTS' failure to include all remuneration in health care professionals' regular rates of pay for purposes of calculating overtime wages, PLAINTIFF and other members of the class were not paid the correct premium overtime and/or double time rates for all overtime and/or double time hours worked.

30.    PLAINTIFF seeks to recover, on behalf of herself and other class members, payment of the overtime and double time wages owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

/ / /

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

31.  PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32.  A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

33.  DEFENDANTS' failure to pay PLAINTIFF and other class members the correct premium overtime and/or double time rates for all overtime and/or double time hours worked violates Business & Professions Code section 17200, *et seq.*, by virtue of violating Labor Code section 510.

34.  DEFENDANTS' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to PLAINTIFF, the other class members, and the general public.  PLAINTIFF seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

35.  Pursuant to California Business & Professions Code section 17200, *et seq.*, PLAINTIFF and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by DEFENDANTS during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

## (LABOR CODE §§ 201, 203)

36.  PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. Labor Code section 201 requires an employer to immediately pay all wages owing to an employee at the conclusion of employment.

38. In violations of Labor Code section 201, DEFENDANTS failed to timely pay PLAINTIFF and other class members all wages owing at the conclusion of their assignments because during their employment they were not paid the correct overtime and/or double time rates of pay.

39. DEFENDANTS' failure to pay PLAINTIFF and other class members all wages owing, as alleged above, was willful, as DEFENDANTS intentionally excluded remuneration from their regular rates of pay for purposes of calculating overtime and double time wages.

40. PLAINTIFF and other class members are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## FOURTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA
## (29 U.S.C. §§ 207, 216)

41. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42. At all relevant times, DEFENDANTS were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203, and grossed more than $50,000 in each of the last three calendar years. At all relevant times, DEFENDANTS employed hourly health care professionals, including PLAINTIFF and the FLSA Collective.

43. Attached hereto, as Exhibit 1, is the consent to sue form signed by PLAINTIFF in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§

216(b) and 256. Other FLSA Collective members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

43. The FLSA requires each covered employer, such as DEFENDANTS, to compensate all non-exempt employees for all hours worked and pay overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

44. As alleged above, in violation of 29 U.S.C. § 207, DEFENDANTS failed to include all remuneration in health care professionals' regular rates of pay for purposes of calculating overtime wages when they worked in excess of 40 hours per week. As a result, PLAINTIFF and other FLSA Collective members were not paid the correct premium overtime rates for all hours worked in excess of 40 hours per week.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. PLAINTIFF, on behalf of herself and the FLSA Collective, seek damages in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees and costs as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for the following relief:

### Class Certification

1. That this action be certified as a class action;
2. That PLAINTIFF be appointed as the representative of the class; and
3. That counsel for PLAINTIFF be appointed as class counsel.

### Collective Action Certification

4. That the FLSA claim be certified as a collective action and that notice be sent to the FLSA Collective members providing them notice of the opportunity

to join this case pursuant to 29 U.S.C. § 216(b).

## First Cause of Action

5. That the Court declare, adjudge and decree that DEFENDANTS violated Labor Code section 510 by failing to pay PLAINTIFF and other class members the correct overtime and/or double time rates for all overtime and/or double time hours worked;

6. For unpaid overtime wages and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

## Second Cause of Action

10. That the Court declare, adjudge and decree that DEFENDANTS violated Business & Professions Code section 17200, et. seq. by failing to pay PLAINTIFF and other class members the correct premium overtime and/or double time rates for all overtime and/or double time hours worked in violation of Labor Code section 510;

11. For an accounting for and restitution of the wages unlawfully withheld and retained by DEFENDANTS during the class period;

12. Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13. For such other and further relief as the Court may deem equitable and appropriate.

///

### Third Cause of Action

14. That the Court declare, adjudge and decree that DEFENDANTS violated Labor Code section 201 by willfully failing to pay all wages owing to PLAINTIFF and other class members at the conclusion of their assignments;

15. For statutory wage penalties pursuant to California Labor Code section 203 for PLAINTIFF and all other class members whose assignments concluded on or after February 19, 2016;

16. For such other and further relief as the Court may deem equitable and appropriate.

### Fourth Cause of Action

17. That the Court declare, adjudge and decree that DEFENDANTS violated 29 U.S.C. § 207 by failing to pay PLAINTIFF and other members of the FLSA Collective the correct overtime rates for all hours worked in excess of 40 hours per week;

18. For unpaid overtime compensation wages;

19. For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

20. For attorneys' fees and costs of suit as provided by the FLSA, 29 U.S.C. § 216(b); and

21. For such other and further relief as the Court may deem equitable and appropriate.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of these claims by jury to the extent authorized by law.

DATED: February 19, 2019                    **HAYES PAWLENKO LLP**

                                                    By:/s/Kye D. Pawlenko
                                                    Kye D. Pawlenko
                                                    Attorneys for PLAINTIFF